UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARON HARPER,

Petitioner,

v.

MILLICENT WARREN,

Respondent.
_________________________________/

CASE NO. 5:07-CV-14027
HONORABLE JOHN CORBETT O'MEARA
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS**

Laron Harper, ("Petitioner"), presently confined at the Thumb Correctional Facility in Lapeer, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for first degree felony murder, M.C.L.A. 750.316. For the reasons stated below, the application for writ of habeas corpus is **DENIED.**

## I. Background

Petitioner was convicted of the above charge following a jury trial in which he was tried jointly, but with separate juries, with co-defendant Cameron Williams. [1] A third co-defendant, Trandell Esters, was tried and convicted of armed robbery by the judge sitting without a jury. This Court recites verbatim the relevant facts relied upon by the Michigan

[1] Petitioner was also convicted of armed robbery but this conviction was vacated on appeal on Double Jeopardy Grounds by the Michigan Court of Appeals.

Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> Defendants' convictions arise from the December 14, 2001, robbery of the Three J's Party Store in Detroit, during which the store's owner, Yousif Yono, and his son, Jack, were both fatally shot. All three defendants frequented the neighborhood where the store was located and were familiar with the Yonos. Witnesses observed defendants Harper and Williams at the store shortly before the shooting. One witness identified defendant Harper as one of two men who ran from the store after gunshots were fired. The two men ran to a red or burgundy Neon. Witnesses observed defendant Harper driving such a vehicle before the shooting. Afterward, defendant Williams helped hide a gun that was later identified as having been used in the shooting. Defendant Esters was convicted of aiding and abetting an armed robbery for his role in acting as a lookout person both before and during the robbery, knowing that defendants Harper and Williams were armed and planned to rob the store.
> *People v. Harper,* No. 246109, * 2 (Mich.Ct.App. December 28, 2004). [2]

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 474 Mich. 853; 702 N.W.2d 580 (2005); *cert. den. sub nom Harper v. Michigan,* 549 U.S. 880 (2006).

Petitioner seeks a writ of habeas corpus on the following grounds:

> I. Petitioner was denied the right to a fair trial and confrontation by the admission of Evan Howard's police report made in an adversarial setting

---

[2] The Court notes that although respondent provided this Court with a copy of the preliminary examination transcript and the state appellate court record from the Michigan Court of Appeals and the Michigan Supreme Court, respondent failed to provide this Court with the trial transcripts. However, on habeas review, a district court need not examine the trial records if two conditions are satisfied: (1) the state court opinions summarize the trial testimony or relevant facts; and (2) the petitioner does not quarrel with that summary and instead contends only that the trier of fact should have reached a different conclusion. *See Clark v. Waller,* 490 F. 3d 551, 556 (6th Cir. 2007). Respondent has provided Court with a copy of petitioner's brief on appeal that was submitted to the Michigan Court of Appeals as part of the direct appeal. This brief extensively recites the facts of the case. [See Brief on Appeal, dated December 10, 2003, part of this Court's Dkt. # 8-3]. Due to the brevity of the petition for writ of habeas corpus, this Court is willing to incorporate the arguments raised in petitioner's state appellate court brief as being part of petitioner's application for writ of habeas corpus. *See e.g. Burns v. Lafler,* 328 F. Supp. 2d 711, 717, n. 2. (E.D. Mich. 2004). Because the Michigan Court of Appeals summarized the facts from this case and petitioner does not challenge the facts of this case but only their legal significance, it is unnecessary for the Court to review the trial transcripts. *See also David v. Lavinge,* 190 F. Supp. 2d 974, 986, n. 5 (E.D. Mich. 2002)(court quoted the lengthy state court analysis in full because the analysis thoroughly explained petitioner's claim and because portions of the trial transcript quoted by the state court were missing from the record before the court).

which was prepared in order to establish that Mr. Harper was the shooter.

II. Petitioner was denied his right to confrontation by the erroneous admission of Larry Evan's preliminary examination testimony.

III. Petitioner was denied a fair trial by the prosecutor's egregious misconduct in arguing that petitioner failed to present a defense and establishing his innocence, and by denigrating both defense counsel and Mr. Harper himself.

## II. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established

federal law erroneously or incorrectly." *Id.* at 410-11.

## III. Discussion

### A. Claims # 1 and # 2. The Confrontation Clause claims.

The Court will discuss petitioner's two Confrontation Clause claims together for judicial clarity and economy.

Petitioner first contends that the trial court erroneously admitted as substantive evidence a written statement made by Evan Howard to the police, in which Howard identified petitioner as one of the two men that he saw running from the store after the shooting. At trial, Howard denied making this statement to the police.

In rejecting petitioner's claim, the Michigan Court of Appeals noted that even if the police investigator's report containing Howard's statement was erroneously admitted pursuant to M.R.E. 803(6) and (8), it was cumulative of the investigator's own testimony concerning the statement that Howard made to her. The Michigan Court of Appeals further ruled that Howard's prior out-of-court statement was admissible under M.R.E. 801(d)(1)(C) because it was one of identification of a person made after perceiving the person and Howard testified at trial and was subject to cross-examination concerning the statement. *Harper,* Slip. Op. at * 2.

To the extent that petitioner contends that the trial court erred in admitting this evidence as an exception to the hearsay rule under Michigan rules of evidence, he would not be entitled to relief. It is "not the province of a federal habeas court to reexamine state-court determinations on state-court questions." *Estelle v. McGuire,* 502 U.S. 62, 67-

68 (1991). A federal court is limited in federal habeas review to deciding whether a state court conviction violates the Constitution, laws, or treaties of the United States. *Id.* Thus, errors in the application of state law, especially rulings regarding the admissibility of evidence, are usually not questioned by a federal habeas court. *Seymour v. Walker,* 224 F. 3d 542, 552 (6th Cir. 2000); *See also Bridinger v. Berghuis,* 429 F. Supp. 2d 903, 908-09 (E.D. Mich. 2006)(federal habeas courts have no authority to interfere with perceived errors in state law unless the petitioner is denied fundamental fairness in the trial process). Any claim by petitioner that the police report containing Howard's statement was inadmissible under M.R.E. 803(6) or (8) is non-cognizable in federal habeas review because it involves an interpretation of state law. *See Prescott v. Bell*, No. 2009 WL 3429660, * 4 (E.D. Mich. October 21, 2009).

Petitioner's Sixth Amendment Confrontation Clause claim fails, because Evan Howard testified at trial and was subjected to cross-examination from petitioner's counsel. An inquiry into the reliability of a hearsay statement is not required for Confrontation Clause purposes when the hearsay declarant is present at trial and subject to unrestricted cross-examination. *United States v. Owens,* 484 U.S. 554, 560 (1988). In this situation, "the traditional protections of the oath, cross-examination, and opportunity for the jury to observe the witness' demeanor satisfy the constitutional requirements." *Id.* at 560 (internal citations omitted). In *Owens,* the U.S. Supreme Court held that the confrontation rights of a defendant charged with assault with intent to commit murder were not violated by introduction of the victim's out-of-court identification of defendant

as his assailant, even though the victim was unable to testify as to the basis upon which he made the identification of defendant due to actual and complete memory loss. In so ruling, the Supreme Court noted that the victim was available for cross-examination, and that defense counsel was able to emphasize the victim's memory loss. *Id.*

A defendant's right to confrontation is not violated by the admission of a police report which contains an out-of-court statement, when the declarant testifies at trial and is subjected to cross-examination. *See Story v. Collins,* 920 F. 2d 1247, 1255 (5th Cir. 1991). Moreover, the detective who wrote up the police report testified in court that Howard had identified petitioner as one of the men whom he had witnessed exiting the store at the time of the shooting. Even if the police report was inadmissible either as a business record pursuant to M.R.E. 803(6) or as a public record under M.R.E. 803(8), the police report was admissible under M.R.E. 801(d)(1)(C) as a statement of identification made by Howard after perceiving petitioner. [3] *See U.S. v. Davis*, 181 F. 3d 147, 149 (D.C. Cir. 1999). The mere fact that Howard did not identify petitioner at trial would not render his prior identification of petitioner to the police inadmissible. "There is no requirement, either in the Constitution or in the usual rules that apply to the admission of evidence, that a witness who makes an extrajudicial identification of a criminal defendant must repeat the identification in the courtroom." *Foxworth v. St. Amand*, 570 F.3d 414, 427 (1st Cir. 2009); *cert. den.* 130 S. Ct. 1710 (2010). A prior identification of

[3] M.R.E. 801(d)(1)(C), and its federal counterpart, F.R.E. 801(d)(1)(C), indicate that a statement is not hearsay if the statement is "one of identification of a person made after perceiving the person".

a suspect by a witness is admissible under 801(d)(1)(C), regardless of whether the witness confirms the identification in-court. *See United States v. Salameh,* 152 F. 3d 88, 125 (2nd Cir. 1998); *See also Bugh v. Mitchell,* 329 F. 3d 496, 505-11 (6th Cir. 2003)(upholding the admission of out-of-court statements of a minor victim which were admitted under Ohio Evid. R 801(d)(1)(C) as a prior identification of petitioner, even though victim was unwilling to testify about the statements at trial and did not remember making them). Finally, because Howard and the investigator testified at trial and both were subject to cross-examination concerning Howard's prior statement to the police, the admission of either the police report or Howard's prior statement to the police concerning his identification of petitioner did not violate petitioner's Sixth Amendment rights. *Bugh,* 329 F. 3d at 508-09. Petitioner is not entitled to habeas relief on his first claim.

In his second claim, petitioner contends that his right to confrontation was violated when the prosecutor was permitted to read Larry Evans' preliminary examination testimony into evidence after the prosecutor was unable to obtain his presence at trial.

When prosecutors seek to admit a nontestifying witness' preliminary hearing testimony, the Confrontation Clause requires two things: first, the prosecution must establish that the declarant is "unavailable" by showing that prosecutorial authorities have made a good-faith effort to obtain the declarant's presence at trial, and, second, to satisfy the "indicia of reliability" requirement, the prosecution must demonstrate that the

defendant had an adequate opportunity to cross-examine the declarant at the preliminary examination. *See Pillette v. Berghuis*, 630 F. Supp. 2d 791, 804 (E.D. Mich. 2009)(citing *McCandless v. Vaughn*, 172 F. 3d 255, 265 (3rd Cir. 1999)).

As the Michigan Court of Appeals indicated in rejecting petitioner's claim, *See Harper,* Slip. Op. at * 3-4, the record establishes that the prosecution made diligent good-faith efforts to secure Evans's presence at petitioner's trial. The police investigated Larry Evans' last known address, checked with the post office and people living in the area near Evans' last known address to see if Evans had left a forwarding address, attempted to contact Evans' grandmother and other family members, and attempted to locate Evans's girlfriend. Police also checked the morgues, hospitals, and county jails on a regular basis, as well as the Secretary of State's records, the Detroit Police Department's arrest register, and the LEIN system. The record shows that the police began looking for Evans approximately a month before trial, and only four months after Evans had testified at the preliminary examination.

In light of the fact that the officers in this case attempted to subpoena Evans at his last address, pursued leads concerning forwarding addresses, attempted to speak to his friends and family members, and contacted law enforcement, other state agencies, the jails, hospitals, and the morgues on a regular basis, the Court concludes that the prosecution and law enforcement made a good faith effort to locate Evans and present him at trial. *See Winn v. Renico,* 175 Fed.Appx. 728, 739 (6th Cir. 2006); *See also Pillette,* 630 F. Supp. 2d at 804.

In addition, Evans' former preliminary examination testimony bore adequate indicia of reliability because it was made under oath, petitioner and his counsel were present, and the witness was subject to cross-examination. *California v. Green*, 399 U.S. 149, 165-66 (1970); *Pillette,* 630 F. Supp. 2d at 804; *Eastham v. Johnson*, 338 F. Supp. 1278, 1280 (E.D. Mich. 1972). Even if counsel did not take full advantage of the opportunity to cross-examine Evans at the preliminary examination, he had an unlimited opportunity to do so. Therefore, the admission of the preliminary examination testimony at Petitioner's trial did not violate his right to confrontation. *See Glenn v. Dallman,* 635 F. 2d 1183, 1187 (6th Cir. 1980); *Havey v. Kropp,* 458 F. 2d 1054, 1057 (6th Cir. 1972). The admission of the preliminary examination testimony at petitioner's trial did not violate his right to confrontation. *Pillette,* 630 F. Supp. 2d at 804. Petitioner is not entitled to habeas relief on his second claim.

**B. Claim # 3. The prosecutorial misconduct claim.**

In his third claim, petitioner contends that he was deprived of a fair trial because of prosecutorial misconduct. Respondent contends that petitioner's prosecutorial misconduct claim is procedurally defaulted because petitioner failed to preserve the issue by objecting at trial and as a result, the Michigan Court of Appeals reviewed the claim for plain error only. *See Harper,* Slip. Op. at * 4.

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can

demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). If a petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986). However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986). However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Actual innocence, which would permit collateral review of a procedurally defaulted claim, means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

The Michigan Court of Appeals clearly indicated that by failing to object at trial, petitioner had not preserved his prosecutorial misconduct claim. The fact that the Michigan Court of Appeals engaged in plain error review of petitioner's prosecutorial misconduct claim does not constitute a waiver of the state procedural default. *Girts v. Yanai*, 501 F. 3d 743, 755 (6th Cir. 2007). Instead, this Court should view the Michigan Court of Appeals' review of petitioner's prosecutorial misconduct claim for plain error as enforcement of the procedural default. *Hinkle v. Randle*, 271 F. 3d 239, 244 (6th Cir. 2001). Petitioner's prosecutorial misconduct claim is procedurally defaulted.

Petitioner has failed to allege any reasons to excuse his procedural default. Because petitioner has not alleged or demonstrated any cause for his procedural default, it is unnecessary to reach the prejudice issue regarding these first two claims. *Smith*, 477 U.S. at 533; *See also Isabell v. Curtis,* 36 Fed. Appx. 785, 788 (6th Cir. 2002); *Payne v. Smith*, 207 F. Supp. 2d 627, 638-39 (E.D. Mich. 2002).

Additionally, petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this Court to consider the prosecutorial misconduct claim as grounds for a writ of habeas corpus in spite of the procedural default. Because petitioner has not presented any new reliable evidence that he is innocent of these crimes, a miscarriage of justice will not occur if the Court declined to review petitioner's prosecutorial misconduct claim on the merits. *See Payne*, 207 F. Supp. 2d at 639. Petitioner's third claim is procedurally defaulted.

## IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473,

483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right with respect to any of the claims. The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *See Allen v. Stovall*, 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

s/John Corbett O'Meara
United States District Judge

Date: June 17, 2010

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, June 17, 2010, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager